# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Thomas Moody, Respondent.

Appellate Case No. 2020-000172

---

Opinion No. 27960
Submitted March 11, 2020 – Filed April 8, 2020

---

## RESTITUTION ORDERED

---

John S. Nichols, Disciplinary Counsel, and Sabrina C.
Todd, Senior Assistant Disciplinary Counsel, both of
Columbia, for the Office of Disciplinary Counsel.

J. Calhoun Watson, of Robinson Gray Stepp & Laffitte,
LLC, of Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.[1]  In the
Agreement, Respondent admits misconduct, consents to an order imposing
restitution, and consents to payment of the costs incurred in the investigation and
prosecution of this matter by ODC and the Commission on Lawyer Conduct (the
Commission).  We accept the Agreement, order Respondent to pay $5,128 in
restitution, and order Respondent to pay the costs incurred in the investigation and
prosecution of this matter.  The facts, as set forth in the Agreement, are as follows:

---

[1] The Court disbarred Respondent in 2014.  *In re Moody*, 410 S.C. 334, 764 S.E.2d 519 (2014).
The conduct in this matter occurred prior to his disbarment and was not the subject of
Respondent's disbarment.

## Facts

In May 2012, Respondent represented A.K., the defendant in an automobile accident lawsuit in magistrate's court. Following the trial, judgment was entered for the plaintiff in the amount of $5,128. That same day, A.K. gave Respondent a check, made payable to Respondent, for the full amount of the judgment. Respondent endorsed and cashed the check, but did not disburse the proceeds to the plaintiff's attorney. A.K. paid the judgment a second time in 2014 to prevent his license from being suspended.

## Law

Respondent admits that by his conduct he violated Rule 1.15(d), RPC, Rule 407, SCACR (failing to promptly disburse funds that a client or third party is entitled to receive), and Rule 8.4(e), RPC, Rule 407, SCACR (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits his conduct constitutes grounds for discipline pursuant to Rule 7(a)(1) and (5), RLDE, Rule 413, SCACR (violating or attempting to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants the payment of restitution to A.K. *See* Rule 7(b)(5), RLDE, Rule 413, SCACR (allowing the sanction of "restitution to persons financially injured, [and] repayment of unearned or inequitable attorney's fees or costs advanced by the client"). Accordingly, we accept the Agreement and order Respondent to pay $5,128 in restitution to A.K. Additionally, within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission or enter into a reasonable payment plan with the Commission to pay the same.

**RESTITUTION ORDERED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**